NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1650
_____

UNITED STATES OF AMERICA

v.

MARK CLEVETT,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-12-cr-00590-001)
District Judge: Honorable Kevin McNulty

_____

Submitted under Third Circuit LAR 34.1(a)
on January 16, 2015

Before: AMBRO, FUENTES and ROTH, Circuit Judges

(Opinion filed: January 11, 2016)

_____

OPINION*

_____

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After pleading guilty to conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349, Mark Clevett was sentenced to 24 months' imprisonment and three years' supervised release. Clevett appeals the length of his sentence, arguing that the District Court committed procedural error by failing to consider certain unique sentencing factors under 18 U.S.C. § 3553(a) and substantive error by imposing an unreasonable sentence. We will affirm.

We review the District Court's imposition of a sentence for abuse of discretion.[1] A sentence is procedurally sound where the sentencing court creates a record that demonstrates meaningful consideration of the relevant factors under 18 U.S.C. § 3553(a) and provides adequate reasons for the sentence so that this court can engage in meaningful review.[2] A sentence is substantively sound "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[3] Absent procedural error, we are "highly deferential" to the sentencing court's application of the § 3553(a) factors.[4]

Clevett argues that the District Court did not meaningfully appreciate his role in taking care of his children. Two of his children suffer from significant physical, mental, and emotional impairments. The District Court was presented with evidence from family members and medical professionals, demonstrating that Clevett was an attentive father and took an active role in addressing his children's special needs.

---

[1] *United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009) (en banc).
[2] *United States v. Ali*, 508 F.3d 136, 153-54 (3d Cir. 2007).
[3] *Tomko*, 562 F.3d at 568.
[4] *United States v. Bungar,* 478 F.3d 540, 543 (3d Cir. 2007)

The District Court expressly cited "the defendant's need to be present for children who have special needs" and noted that incarcerating Clevett "would probably have a negative impact on the family's ability to deal properly with their children's problems." After referring to Clevett's family situation as a "major issue," the District Court departed from the calculated Sentencing Guidelines range of 33 to 41 months' imprisonment, and imposed a 24 month sentence of imprisonment. The District Court's downward departure from the Guidelines range was predicated on recognizing that Clevett "should not be removed from the family situation for longer than is necessary." The District Court committed no procedural error because Clevett's unique family situation was the very reason for his below-Guidelines sentence. The District Court committed no substantive error because we cannot say that a 24 month sentence and a downward departure from the Guidelines was excessive in this case.

The District Court clearly accounted for Clevett's special family circumstances. Clevett's dissatisfaction with the length of his incarceration is not grounds to overturn his sentence. We will affirm.